The opinion of the Court was delivered by
Munro, J.
The only question involved in this case is, whether the execution, upon which the defendant relied as a legal justification, for having levied upon and sold the plaintiff’s mule, which is the subject matter of this action, was issued in conformity with the judgment, upon which it professes to be founded.
It appears from the proceedings before the magistrate, that the plaintiff had been sued as the administrator of one Young-blood, upon a demand which existed against his intestate in his lifetime : Whereupon judgment was rendered against him in his representative capacity. '
To enforce the payment of such a judgment the execution should have been directed against the goods and chattels of the intestate in the hands of the administrator ; instead, however, of issuing it in the form suggested, the magistrate thought proper to issue it against the plaintiff in his individual capacity, and under which the levy and sale complained of were made.
It is true, the words “administrator of A. Youngblood,” were superadded to the plaintiff’s name — but that was nothing more than a deseriptio persones, and by no means changed the character of the process.
*347 Had tbe objection to the execution amounted to nothing more than a mere irregularity, as was urged in the argument, and into which the officer charged with its execution was not bound to examine, then it is clear the defendant’s justification would have been undoubted. But while it is conceded that the law interposes its protection in favor of those charged with the execution of its process, where the defect complained of amounts to nothing beyond a mere informality, still if the process be void, and without authority of law, as was manifestly the case here, a different rule prevails. In such case, the law not only withholds its protection from the party claiming to act under it, but views with no little disfavor any attempt to convert its process into an instrument of wrong. See Tobin vs. Addison, (2 Strob. 3.)
As the execution under which the defendant acted wás an absolute nullity, and therefore incapable of conferring upon him any authority to make levy and sale of the plaintiff’s property, so neither can it afford him the slightest protection in an action by the plaintiff, seeking redress for the injury resulting from his illegal conduct.
The motion for a new trial' is therefore granted.
O’Neaia, WitheRS, and Whither, JJ., concurred.
.Wardlaw, J., absent.
Motion granted„